## Julia K. Burdick, Plaintiff in Error, v. Steve Peer, Defendant in Error.

## Gen. No. 16,511.

REPLEVIN—*when demand not essential to maintenance.* If the original possession of the defendant was wrongful a demand of possession is not essential to the maintenance of an action of replevin.

Error to the Municipal Court of Chicago; the HON. WM. N. GEMMILL, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1910. Reversed. Opinion filed April 19, 1912.

P. H. BISHOP, for plaintiff in error.

No APPEARANCE for defendant in error.

MR. JUSTICE CLARK delivered the opinion of the court.

The controversy in this case is as to the ownership and right to possession of a board partition, or the lumber which had been used in making the partition.

It seems that plaintiff in error was the owner of a building, which she had rented to one Cook. Cook had placed a partition in the building, but had been paid for the same by allowance on the rent. Afterwards Cook made a bill of sale of his business to the defendant in error, Steve Peer. When Peer vacated the premises he took the partition or lumber with him. Prior to his doing so he had been told by plaintiff in error that it belonged to her. The defendant in error says that after he had taken the lumber out he had a conversation with the plaintiff in error, in which he said to her: "You don't own one inch of that and you know it. If you feel that you want to have me arrested go ahead and have me arrested." Plaintiff in error then brought replevin proceedings.

At the trial there was a verdict in favor of the defendant in error. The court charged the jury,—to which objection was made by the plaintiff in error,—that in order to maintain her suit plaintiff in error must have shown that she had made a demand for the lumber. It is clear from the testimony of the defendant in error as above set forth, that a demand would have been unavailing,—if indeed the conversation to which he testifies is not in itself proof of a demand and a refusal. No citation of authorities is necessary upon the proposition that a previous demand of possession is unnecessary when the possession by the defendant was wrongfully obtained, or if the circumstances are such as to demonstrate that a demand would have been unavailing.

In our opinion the motion of the plaintiff in error to direct a verdict should have been granted. The judgment will therefore be reversed, and a judgment entered in this court finding the right of possession of the property in question to be in the plaintiff in error.

*Reversed.*